1  J. Andrew Coombs (SBN 123881)
   andy@coombspc.com
2  Annie S. Wang (SBN 243027)
   annie@coombspc.com
3  J. Andrew Coombs, A P. C.
   517 East Wilson Avenue, Suite 202         JS-6
4  Glendale, California 91206
   Telephone:  (818) 500-3200
5  Facsimile:   (818) 500-3201

6  Robert J. Ward
   Thomas C. Wright
7  Gardere Wynne Sewell, L.L.P.
   1601 Elm Street, Suite 3000
8  Dallas, Texas 75201
   Telephone:  (214) 999-3000
9  Facsimile:   (214) 999-3266

10 Attorneys for Plaintiff Heeling Sports Limited

11 Jen-Feng Lee (SBN 204328)
   Kenneth K. Tanji, Jr. (SBN 162273)
12 WorldEsquire Law Firm, LLP
   80 S. Lake Avenue, #708
13 Pasadena, California 91101
   Telephone:  (626) 795-5555
14 Facsimile:   (626) 795-5533

15 Attorneys for all Defendants Bob Shoes
   International Inc. and Wei Zhang

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Heeling Sports Limited, | Case No. CV 07-2343 GAF (AJWx) |
| Plaintiff, | [~~PROPOSED~~] PERMANENT INJUNCTION AND JUDGMENT |
| v. | |
| Bob Shoes International Inc., et al. | |
| Defendants | |

The Court, having read and considered the Joint Stipulation re Entry of Judgment that has been executed by Plaintiff Heeling Sports Limited ("Plaintiff" or "Heeling") and Defendants Bob Shoes International Inc. ("Bob Shoes") and Wei

Zhang (collectively "Defendants") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the Parties' stipulation and only as to Defendant Bob Shoes, Inc., its successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to the Lanham Act, 15 U.S.C. § 1051, et seq., and 28 U.S.C. §§ 1331, 1338 and 1367.  Service of process was properly made against Defendants.

2) Heeling owns or controls the pertinent rights in and to the following patents, and all of the claims thereof, are valid and enforceable:  United States Patent No. 6,406,038, United States Patent No. 6,739,602, and United States Patent No. 6,746,026 (collectively "the Patents").

3) Defendant Bob Shoes, Inc. and its agents used and sold wheeled footwear that were the same as or similar to those shown in Exhibit A to this Final Judgment (hereinafter "Knockoff Skates"), and such acts directly infringed one or more claims of each of the '038 Patent, the '602 Patent, and the '026 Patent.  The Knockoff Skates are wheeled footwear having one or more wheels in an opening in the bottom of the heel that allow a user to walk or run on the forefoot and transition to rolling on the wheel or wheels in the heel.

4) Bob Shoes, its agents and employees, and all other persons and entities in active concert or participation with it who receive actual notice hereof by personal service or otherwise, are enjoined and restrained from infringing, either directly or indirectly, or inducing infringement of or contributorily infringing any of the claims of the '038 Patent, the '602 Patent, and the '026 Patent, and from making, having made, importing, using, selling or offering to sell Knockoff Skates during the life of such patents, including any wheeled footwear or skate having at least one wheel in

the heel that is to be or is used by walking or running on the forefoot portion of the sole and then transitioning to rolling on the wheel or wheels in the heel.

5) Nothing herein shall be construed as a release as to any third party, including, for example, the party that manufactured the Knockoff Skates, the party that supplied the Knockoff Skates to Defendants, or others that may have participated in the infringement by Defendants through acts constituting inducement of patent infringement of any of the '038 Patent, the '602 Patent, or the '026 Patent.

6) Each side shall bear its own fees and costs of suit.

7) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

8) This Injunction shall be deemed to have been served upon Defendant Bob Shoes, Inc. at the time of its execution by the Court.

9) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendant.

10) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

/ / /

/ / /

/ / /

/ / /

/ /

/ / /

/ / /

/ / /

11) This Court shall retain jurisdiction over Bob Shoes for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; or the punishment of any violations hereof.

IT IS SO ORDERED.

DATED: May 14, 2008

_____
Hon. Gary A. Feess
Judge, United States District Court
for the Central District of California

PRESENTED BY:

J. Andrew Coombs,
A Professional Corporation

By: _____
    J. Andrew Coombs
    Annie S. Wang
Attorneys for Plaintiff Heeling Sports Limited

WorldEsquire Law Firm, LLP

By: _____
    Jen-Feng Lee
Attorneys for Defendants Bob Shoes International Inc. and Wei Zhang